

**FILED**
February 04, 2022 09:45 AM
ST-2021-RV-00005
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE OF JEFFREY E. EPSTEIN, <br><br> Deceased. | ) <br> ) CASE NO: ST-2021-RV-00005 <br> ) Originating Case No: ST-2019-PB-00080 <br> ) <br> ) |

Cite as 2022 VI Super 15U

## MEMORANDUM OPINION

¶1    Pending before the Court is a Notice of Appeal & Petition for Review filed by the Government of the Virgin Islands on March 17, 2021. The Appellant, the Government of the Virgin Islands (hereinafter "VI Government"), appeals two Magistrate Orders, both entered on February 26, 2021, which (1) denied the Government's Motion to Intervene in the probate action as a claimant against the Estate (entered *nunc pro tunc* to February 4, 2020) and (2) struck the Government's Emergency Motion to Freeze All Estate Assets and Cash on Hand. For the following reasons, the Magistrate's Orders will be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

¶2    On August 10, 2019, Jeffrey Epstein was found dead, while in custody in New York for sex crimes and on August 15, 2019, the probate of the Estate of Jeffrey Epstein was created. To "establish an independent and voluntary claims resolution program…for purposes of resolving sexual abuse claims against Jeffrey E. Epstein," the Executors of the Estate filed an Expedited Motion for Establishment of a Voluntary Claims Resolution Program (hereinafter called the Epstein Fund).

¶3    On January 15, 2020, the VI Government filed a lawsuit against the Epstein Estate, the 1953 Trust, and numerous Epstein business affiliates and associates for violation of the Criminally Influenced and Corrupt Organization Act (CICO)[1], and for civil conspiracy seeking forfeiture and divestment of assets in favor of the VI Government, civil penalties, damages, and other remedies.[2]

¶4    On January 23, 2020, the VI Government filed a Motion to Intervene in the probate matter pursuant to Rule 24 of the Virgin Islands Rules of Civil Procedure. Thereafter, on February 4, 2021, the VI Government filed an Emergency Motion to Immediately Freeze All Assets and Cash on Hand. The VI

---

[1] 14 V.I.C. § 600 et seq.
[2] See VI Government's Notice of Appeal.

In the matter of the Estate of Jeffrey E. Epstein
ST-21-RV-05
ST-19-PB-80
Memorandum Opinion
Page 2

2022 VI Super 15U

Government asserted that the Emergency Motion was necessary due to the Estate having breached its commitment to fund the Epstein Victims Compensation Program.

¶5      A hearing on the VI Government's motions was held February 4, 2020, after which the Court orally denied the Motion to Intervene without prejudice as well as the Emergency Motion to Immediately Freeze All Assets and Cash on Hand reasoning that because the *Government is not a party to this action and is not permitted to intervene, the Government does not have standing to move the Court to freeze the assets and all its cash on hand.*[3] Consistent with the Court's ruling that the Government lacked standing, the Court issued an Order on February 26, 2021, striking the Government's Emergency Motion and all responses thereto from the record. [4]

¶6      In response thereto, the Government filed this Appeal and Petition for Review of Magistrate Judge's Orders on March 17, 2021. In the Petition, the Government asserts that the "Probate Court's ruling not only fails to recognize the Government's interest, which supports mandatory or permissive intervention, but also ignores the complexity of this proceeding and its significance to Epstein's victims and to the people of the Virgin Islands more broadly."

¶7      On March 29, 2021, the Co-Executors of the Epstein Estate filed the Co-Executors' Response to Government of the United States Virgin Islands' Notice of Appeal & Petition for Review of Magistrate Judge's Orders. In their response, the co-executors argued that (1) the Government's appeal is untimely, (2) that the Government's failure to state a claim further substantiates their lack of standing, and (3) that the Government's Motion to Freeze All Estate Assets and Cash on Hand is Moot.

## JURISDICTION

¶8      A Superior Court judge has jurisdiction to review judgments and orders issued by Magistrate Judges, when they exercise their original jurisdiction as provided for in Title 4 V.I.C. §123(a). See, V.I. Super. Ct. Rule 322, et. seq.  An order or judgment involving probate is a matter that a Superior Court Judge may review if appealed. Title 4 V.I.C. § 123(a)(4).

¶9      V.I. Super. Ct. Rule 322(a) provides that *final orders or judgments of the Magistrate Division resolving completely the merits of the cases which came before them pursuant to their original*

---

3 A written order was issued on February 26, 2021 (*nunc pro tunc to February 4, 2020*).
4 A copy of the order was submitted as an Exhibit 2 with the VI Government's Notice of Appeal.

In the matter of the Estate of Jeffrey E. Epstein
ST-21-RV-05
ST-19-PB-80
Memorandum Opinion
Page 3

2022 VI Super 15U

*jurisdiction, as provided by Title 4 V.I.C. § 123(a), are immediately appealable to judges of the Superior Court of the Virgin Islands, as well as any interlocutory orders appealable by law.*

¶10  V.I.R. Civ. P. Rule 54 (a) defines a judgment as a decree or order from which an appeal lies. Where an action has multiple claims of reliefs, including third-party claims, *the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay.*[5]

¶11  In the February 26, 2021 Order the Court determined that because the VI Government is not a party, it lacks standing to move the Court in the present action. Therefore, the Court struck the VI Government's Motion to freeze assets and all responses thereto. The determination that the VI Government is not a party to the action was made due to the VI Government's failure to intervene as a claimant as required by the probate rules. However, the Motion to Intervene was denied without prejudice which allowed for the VI Government's error to be corrected and calls into question whether this is a final judgment with respect to the VI Government. Further, there was no recitation made by the Court that "expressly determines" that there is no just reason for delay. As such, this is not a final judgment eligible for appeal.

¶12  Title 4 V.I.C. §123(c) states that *a judge of the Superior Court may consider any pretrial matter handled by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.* This Court has determined that the magistrate judge's order is not clearly erroneous or contrary to law for the foregoing reasons.

## ISSUES RAISED FOR APPEAL BY THE VI GOVERNMENT

1.  Whether the Magistrate Judge properly denied the Government's Motion to Intervene as a claimant against the Estate of Jeffrey E. Epstein.
2.  Whether the Magistrate Judge properly denied the Government's Emergency Motion to Freeze All Estate Assets and Cash on Hand.

## ANALYSIS

1.  **Whether the Magistrate Judge properly denied the Government's Motion to Intervene as a claimant against the Estate of Jeffrey E. Epstein.**

---

5 V.I.R. Civ.P. Rule 54 (b)

In the matter of the Estate of Jeffrey E. Epstein
ST-21-RV-05
ST-19-PB-80
Memorandum Opinion
Page 4

2022 VI Super 15U

¶13    In its appeal, the VI Government asserts that "as Plaintiff in the CICO action against the Epstein estate and other Epstein businesses, that it has an interest in the assets of the Estate, as well as an interest in ensuring that the laws of the Virgin Islands are enforced for the benefit of the VI Government, the People of the Virgin Islands and the victims of Epstein crimes."[6] According to the VI Government the Motion to Intervene was filed to ensure that it was adequately represented in the probate matter, but was denied stating that the VI Government should enter as a claimant rather than as an intervenor.

¶14    In the Co-Executors' Opposition to Government's Motion to Intervene filed on January 31, 2020, the Co-Executors assert that "it is the Virgin Islands Code and the Virgin Islands Rules for Probate and Fiduciary Proceedings (the "Probate Rules") that set forth the specific steps a purported claimant must take to bring a claim against an estate and participate in a probate proceeding.  Rule 24 has no application to this proceeding." [7]

¶15    At the February 4, 2020 hearing, the VI Government was advised by the Magistrate Judge that it should enter the proceedings as a claimant as required by Probate Rules. Case law has repeatedly established that "when two statutes cover the same situation, the more specific statute takes precedence over the more general one…"[8]

¶16    In this case, the Magistrate Judge was correct in advising the VI Government to enter as a claimant and denying its Rule 24 Motion to Intervene, as the Probate rules are specifically created to address probate proceedings as stated in V.I. R. Prob. Rule 1.[9]

¶17    Under the Title 15 V.I.C. § 391, all persons having claims against the estate are required to present their claims within six months from the date of notice of administration. The VI Government was given the opportunity to enter as a claimant, after being so directed at the February 4, 2020 hearing, but failed to do so. However, this Court notes that the VI Government is still able to enter as a claimant under Title 15 V.I.C. § 392 which states in pertinent part that:

> … A claim not presented within six months after the first publication of the notice is not barred, but it shall not be paid until the claims presented within that period have been satisfied, and if the

---

[6] See Government of the United Stated Virgin Islands' Notice of Appeal & Petition for Review of Magistrate Judge's Orders filed by VI Government on March 17, 2021.
[7] See Co-Executors' Opposition to Government's Motion to Intervene filed on January 31, 2020.
[8] Edmond v. U.S., 520 U.S. 651, 657, 117 S. Ct. 1573, 1578, 137 L. Ed. 2d 917 (1997))
[9] *These Virgin Islands Rules for Probate and Fiduciary Proceedings shall apply in probate, guardianship, trust and other fiduciary proceedings.*

In the matter of the Estate of Jeffrey E. Epstein
ST-21-RV-05
ST-19-PB-80
Memorandum Opinion
Page 5

2022 VI Super 15U

*claim is not then due, or if contingent, it shall nevertheless be presented as any other claim. Until the administration has been completed, a claim against the estate not barred by the statute of limitations may be presented, allowed, and paid out of any assets then in the hands of the executor or administrator not otherwise appropriated or liable.*

¶18    In this instance, the VI Government's failure to enter the probate matter as a claimant within six months of the executors' publicized notice of administrations, does not bar it from being able to move forward as a claimant in the correct manner as provided by the Rules of Probate.   The VI Government was directed of the appropriate method to adequately represent its interest by the Magistrate Judge who regularly presides over probate proceedings.[10] Yet, it inexplicably failed to abide by the guidance which was intended to achieve the original purpose of the motions.

¶19    The notorious nature and history of the deceased individual in this probate matter coupled with its main-stream attention, is not an indication that the case should be treated differently from any other probate case.

2.   **Whether the Magistrate Judge properly denied the Government's Emergency Motion to Freeze All Estate Assets and Cash on Hand.**

¶20    The Magistrate Judge properly denied the VI Government's Emergency Motion to Freeze All Estate Assets and Cash on Hand because the VI Government failed to established standing as a claimant as noted above. Failure to take the necessary steps to enter the case as a claimant, prevented the VI Government from securing the necessary standing to freeze the assets of the Estate.  It would have been inappropriate for the Magistrate Judge to grant the Government's Emergency Motion to freeze all assets when the VI Government failed to follow the required procedures as set forth in Title 15 V.I.C §§ 391-394 and the relevant probate rules.

**CONCLUSION**

¶22    The premises considered, the Magistrate's Orders entered on February 26, 2021 (nunc pro tunc to February 4, 2020), denying the Government's Motion to Intervene in the Probate action and striking the Government's Emergency Motion to Freeze All Estate Assets and Cash on Hand, are **AFFIRMED.**

---

[10] "Each magistrate judge may: (4) hear all non-felony traffic offenses, litter cases, misdemeanor criminal cases where the maximum punishment is limited to not more than 364 days imprisonment; arraignment and probable cause hearings in any criminal or traffic offense matter; small claims cases and probate matters" Title 4 V.I.C. 123(a).

In the matter of the Estate of Jeffrey E. Epstein
ST-21-RV-05
ST-19-PB-80
Memorandum Opinion
Page 6

2022 VI Super 15U

An Order consistent with this Opinion shall follow.

DATED: February ___04___ , 2022

_____
**DEBRA S. WATLINGTON**
**Judge of the Superior Court**
**of the Virgin Islands**

**ATTEST:**
**Tamara Charles**
**Clerk of the Court**

By: _____
    **Brenda Monsanto**
    **Court Clerk Supervisor** 2 / 7 / 2022

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

IN THE MATTER OF THE ESTATE OF )
JEFFREY E. EPSTEIN, )
                                )
                                )
                  Deceased. )
                                )

CASE NO: ST-2021-RV-00005

Originating Case No: ST-2019-PB-00080

## ORDER

Consistent with the Memorandum Opinion of even date, it is hereby

**ORDERED** that the two Magistrate Orders entered on February 26, 2021 (*Nunc pro tunc* to February 4, 2020) and February 26, 2021 are **AFFIRMED**; and it is further

**ORDERED** that Petitioner's Appeal is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that a copy of this Order and the accompanying Opinion shall be directed to Chief Deputy Attorney General, Carol Thomas-Jacobs, Esq.; and Christopher Allen Kroblin, Esq.

DATED: February **04** , 2022

_____
**DEBRA S. WATLINGTON**
**Judge of the Superior Court**
**of the Virgin Islands**

ATTEST:
**Tamara Charles**
**Clerk of the Court**

By: _____
**Brenda Monsanto**
**Court Clerk Supervisor** 2 / 7 /2022